UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DR. MICHAEL CHRISTIANSON, JUD, <br><br> Plaintiff, <br><br> v. <br><br> DAWN WILSON, et. al., <br><br> Defendants. | CAUSE NO. 2:20CV317-PPS/JPK |

OPINION AND ORDER

Dr. Michael Christianson, JUD, a prisoner without a lawyer, initiated this case by filing a motion for injunctive relief, an affidavit, and a motion to proceed in forma pauperis. Although Christianson did not file a complaint, I will construe the allegations contained within his affidavit as constituting one, and the clerk will be directed to separately docket a copy of the affidavit (ECF 2) as a complaint. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Christianson alleges he is being denied his medically necessary prescription medication while housed at the Lake County Jail. He claims he was prescribed

Sumatriptan, a medication used to treat the symptoms of migraine headaches,[1] in 2018 by a healthcare professional at Beacon Medical Group in LaPorte, Indiana, to use "as needed" to treat his chronic but intermittent migraine headaches. In December of 2019, when he arrived at the Lake County Jail, the prescription was acknowledged during triage and approved by Nurse Practitioner (NP) Michelle. He was initially given both Sumatriptan and Topomox, a migraine prevention medication,[2] twice a day on a regular basis during set dispensing periods. However, NP Michelle would not provide the medication outside of those windows. Then, on August 17, 2020, Nurse Dawn Wilson refused to give him the Sumatriptan during the evening dispensing period. Within hours, Christianson experienced a migraine which led to "excruciating pain, vomiting, sweating, dizziness, [and] eye pain." ECF 2 at 7. On August 19, 2020, Nurse Wilson informed Christianson that she had terminated the Sumatriptan prescription entirely. He was later told by a different nurse it was because he had been "taking it every day." *Id*. at 10. On August 22, 2020, Nurse Brianna refused to give him the Sumatriptan during the morning dispensing period, despite the fact that he told her he had been experiencing a migraine since the day before.

Christianson alleges that he continues to suffer from debilitating migraines without being provided any sort of pain relief. He has sued the three nurses mentioned

---

[1] Sumatriptan is "usually taken at the first sign of a migraine headache." *See* https://medlineplus.gov/druginfo/meds/a601116.html (last accessed Sept. 1, 2020).

[2] Topamax, or topiramate, is "used to prevent migraine headaches but not to relieve the pain of migraine headaches when they occur." *See* https://medlineplus.gov/druginfo/meds/a697012.html (last accessed on Sept. 1, 2020).

above, and he requests injunctive relief in the form of Sumatriptan and adequate medical treatment for his severe and chronic migraine headaches. *See* ECF 1 at 16–17.

Under the Constitution, inmates are entitled to constitutionally adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). As to pretrial detainees specifically, the protection is provided by the Due Process Clause of the Fourteenth Amendment. *See e.g. Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020). Although inmates are "not entitled to demand specific care [nor] entitled to the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), I must give Christianson the benefit of the inferences to which he is entitled at this stage. He has alleged that his chronic migraine pain is not being treated. He has alleged that he continues to suffer from migraines that last between one to three days at a time. He has alleged that these migraines make eating, drinking, and walking painful. And, construing his filings together liberally, he has requested injunctive relief in the form of "adequate medical treatment." Accordingly, I find that Christianson has sufficiently stated a Fourteenth Amendment claim against the Lake County Sheriff in his official capacity for permanent injunctive relief related to the receipt of medical care for his severe and chronic migraine headaches.[3]

That said, the specific injunctive relief Christianson requests—namely, receipt of the medication Sumatriptan—may not be ordered even if it is ultimately determined

---

[3] Christianson has named Nurse Wilson, NP Michelle, and Nurse Brianna as defendants. However, because he has exclusively requested injunctive relief, the Sheriff in charge of the facility where he currently resides is the proper defendant. *Cf. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). Therefore, I will construe the complaint as bringing a claim against the Lake County Sheriff rather than the individual defendants, and the clerk will be directed to edit the docket accordingly.

that his current medical care is inadequate. While it is true that the Sheriff has both the authority and the responsibility to ensure Christianson receives the medical care to which he is entitled under the Fourteenth Amendment, *Cf. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011), there may be several ways to do so that do not involve administering Sumatriptan. Simply put, Christianson cannot dictate how constitutionally adequate medical care is to be provided. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (The Prison Litigation Reform Act mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right.") (internal quotation marks, brackets, and citations omitted)); *see also Forbes,* 112 F.3d at 267 (Inmates are "not entitled to demand specific care [nor] entitled to the best care possible."). Therefore, injunctive relief—if granted—would be limited to requiring correctional officials to provide medical treatment for Christianson's chronic migraine condition to the extent required by the Constitution.

The Sheriff is also the proper party to respond to the motion for injunctive relief. To the extent the motion seeks immediate *ex parte* relief in the form of a temporary restraining order, it will be denied because this is not one of the "extremely limited" circumstances where such relief would be appropriate. *See Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (The 'stringent restrictions' imposed on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.") (citation omitted).

However, Christianson also requests preliminary injunctive relief, and I will order the Sheriff to respond to that request.

ACCORDINGLY, the court:

(1) DIRECTS the clerk to unseal and remove the *ex parte* restrictions from the motion for injunctive relief (ECF 1) and the affidavit (ECF 2);

(2) DIRECTS the clerk to separately docket a copy of the affidavit (ECF 2) as a complaint;

(3) DIRECTS the clerk to add the Lake County Sheriff in his official capacity as a defendant;

(4) GRANTS Dr. Michael Christianson, JUD leave to proceed against the Lake County Sheriff in his official capacity for injunctive relief to ensure that he is provided with constitutionally adequate medical care for his chronic migraine condition as required by the Fourteenth Amendment;

(5) DISMISSES Dawn Wilson, Nurse Practitioner Michelle, and Nurse Brianna;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Lake County Sheriff at the Lake County Sheriff's Department with a copy of this order, the motion for injunctive relief (ECF 1), and the complaint as required by 28 U.S.C. § 1915(d);

(8) ORDERS the Lake County Sheriff to file and serve by **September 23, 2020**, a response to the motion for preliminary injunctive relief (ECF 1) with a sworn statement (and supporting medical documentation as necessary) explaining how Dr. Michael

5

Christianson, JUD is receiving constitutionally adequate medical care for his chronic migraine condition as required by the Fourteenth Amendment; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Lake County Sheriff to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Dr. Michael Christianson, JUD has been granted leave to proceed in this screening order.

SO ORDERED on September 2, 2020.

      /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT