UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DR. MICHAEL CHRISTIANSON, JUD,  ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:20-CV-317-JPK |
| ) | |
| LAKE COUNTY SHERIFF, ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Dr. Michael Christianson, JUD, was a prisoner at the Lake County Jail when he was granted leave to proceed in this case against the Lake County Sheriff in an official capacity for permanent injunctive relief to ensure that he is provided with constitutionally adequate medical care for his chronic migraine condition as required by the Fourteenth Amendment. (Sept. 2, 2020 Op. & Order, ECF No. 5). However, Plaintiff has since been transferred to the Metropolitan Correctional Center (MCC). Defendant has filed a motion to dismiss for lack of jurisdiction due to the transfer [DE 13]. Plaintiff has filed several responses at Docket Entries 17-19, and Defendant has filed his reply. Thus, the motion is ripe for adjudication.

Motions to dismiss for lack of subject matter jurisdiction fall under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In considering a Rule 12(b)(1) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," yet may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citation omitted). "Federal courts lack subject matter jurisdiction when a case becomes moot." *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). "If a prisoner is

transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal quotation marks and citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). "Allegations of a likely retransfer may not be based on mere speculation." *Higgason*, 83 F.3d at 811.

Here, it is undisputed that Plaintiff was transferred to MCC on September 4, 2020. However, Plaintiff argues that the transfer is only temporary and does not deprive the Court of subject matter jurisdiction. Plaintiff references a court order regarding a psychiatric evaluation in his pending federal criminal case to support his argument. He asserts that he will be retransferred to the Lake County Jail no later than October 19, 2020, for continued detention related to his criminal case. Defendant has replied by citing to that order and pointing out that, because it is silent as to which facility, if any, Plaintiff will be transferred when the evaluation at MCC is complete, the suggestion that he will be retransferred to the Lake County Jail is merely speculative.

The Court has reviewed the docket and relevant orders in Plaintiff's pending federal criminal case.[1] *See generally United States v. Christianson*, 2:19-CR-140-PPS-JEM (indictment filed Nov. 20, 2019). On August 26, 2020, Magistrate Judge John E. Martin granted the Verified Motion for Mental Competency Evaluation and ordered, in part, as follows:

1. Pursuant to 18 U.S.C. § 4247(b), Defendant is committed to the custody of the United States Attorney General or designated representative for placement in a suitable facility closest to this Court for examination by a licensed or certified psychiatrist or psychologist. The period of commitment is for such a reasonable period of time as needed to fulfill the requirements of this Order, but not to exceed thirty (30) days.[1] See 18 U.S.C. § 4247(b). The statutory commitment period provided in 18 U.S.C. § 4247(b) shall not commence until the day Defendant arrives at the facility for evaluation.
2. The examination shall determine: whether at this time there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or

---

[1] Courts "may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from prior proceedings in the case." *Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013).

      defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. This examination shall be conducted as soon as practicable upon arrival at the facility.
3. The appropriate authorities of the facility shall render as soon as practicable a written report with respect to the matters set forth above pursuant to 18 U.S.C. § 4247(c). This report shall be filed with the Court, with copies to counsel for Defendant and the Government.

*Id.*, ECF No. 148 at 2. Footnote one states that "[t]he director of the facility may apply for a reasonable extension, but not to exceed fifteen (15) days under section 4241. *See* 18 U.S.C. § 4247(b)." *Id*. On October 6, 2020, Judge Martin granted a request from the Warden of MCC for an extension of time:

      Finding that additional time is necessary to observe and evaluate Defendant, the Court hereby GRANTS the request contained in the Letter [DE 153] and ORDERS that the period of commitment to complete the evaluation of Defendant Michael Christianson is extended to October 19, 2020, with the final report to be submitted to the Court by November 9, 2020.

*Id.*, ECF No. 154 at 2. As pointed out by Defendant, the orders do not state that Plaintiff will be retransferred to the Lake County Jail at the completion of the evaluation. Rather, they are silent as to the location of his post-evaluation detention. Moreover, because it is nearly a month past the October 19, 2020 deadline set by Judge Martin, yet Plaintiff remains at MCC,[2] it is not reasonable to infer that he will be retransferred to the Lake County Jail at this point. *See Higgason*, 83 F.3d at 811 ("Allegations of a likely retransfer may not be based on mere speculation.").

      Therefore, the injunctive relief claim against the Lake County Sheriff is now moot. Because that is the only claim on which Plaintiff is proceeding in this lawsuit, this case will be dismissed. However, if Plaintiff is retransferred directly to the Lake County Jail in the future and believes he

---

[2] *See Federal Bureau of Prisons Inmate Locator*, at https://www.bop.gov/inmateloc/ (last visited on November 25, 2020).

is in danger of failing to receive constitutionally adequate medical care for his chronic migraine condition, he may file a motion asking to reopen this case.

For these reasons, the Court:

(1) **DENIES as moot** the motion for temporary restraining order [DE 1];

(2) **GRANTS** the motion to dismiss for lack of jurisdiction [DE 13] and **DISMISSES** this case as moot;

(3) **DENIES** the motion for evidentiary hearing [DE 25] as unnecessary; and

(4) **DIRECTS** the Clerk of Court to close this case.

So ORDERED this 30th day of November, 2020.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT